Battle, J.
 

 A literal construction of that clause in the
 
 *278
 
 covenant alleged to be broken, to wit, that the slaves which the defendant had hired were “ not to go out of this State,” would make him liable to the plaintiff’s recovery in this action. But there is an ancient and well-established maxim, “
 
 gui Tmret in Utero, Timet in
 
 corUee,” which makes it the duty of the exjjounder of a written instrument to pay more regard to the intention, as apparent from its whole scope and design, than to the strict grammatical import of any particular word or phrase. An apt illustration of this maxim may be found in the case of
 
 Clancy
 
 v.
 
 Overman,
 
 1 Dev. and Bat. Rep. 402, in which the defendant had entered into a covenant, that he would “ teach and instruct, or cause to be taught and instructed,” a negro boy belonging to the plaintiff, “ the art and mystery of the coachmaking business.” The action being for an alleged breach of that covenant, and it appearing from the testimony, that the slave had not capacity sufficient to enable him to learn the business, the Court held that the covenant was not an absolute engagement, that he should at all events learn that trade, but only that the defendant should give, or cause to be given, faithful, diligent, and skillful instruction. So, in the present case, the meaning of the parties was not to prohibit the slaves, by the clause in question, from going out of the State at all events and under all circumstances, but to forbid the defendant from taking them to work out of the State, and to bind him to use all proper care and reasonable diligence in preventing them from escaping beyond its limits. “ It is not pretended that he took the slave in question out of the State himself, and the case of
 
 Woodhouse
 
 v.
 
 McRae,
 
 ante 1, which was an action on the case for negligence in permitting the escape of the same slave, shows that there was not a want of ordinary care to prevent the escape.
 

 It is our opinion that the proper construction was put upon the covenant in the Court below, and the consequence is, that the judgment there rendered, must be affirmed.
 

 Pee Cueiam, Judgment affirmed.